CASE 47—PETITION EQUITY—SEPTEMBER 19.

## O'Bannon vs. Musselman, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

A trustee may execute the powers as conferred, and in the manner designated in the deed of trust, without the interposition of the chancellor. This rule prevails here, save so far only as modified by statute.

HARRISON & BENNETT, for appellant, cited 2 *Rev. Stat.*, p. 304; *Myers' Supp.*, 430; 16 *B. Mon.* 296.

WORTHINGTON & JOYES, for appellees, cited 2 *Rev. Stat.*, 32, 304; 4 *Kent*, 315; 2 *Stat. Law*, 806.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This agreed and submitted case presents the single question whether the trustee, Garland, by virtue of the deed of trust and powers therein contained, can sell and convey the title to the land described in the deed.

By the long-established rules of equity jurisprudence, the trustee may execute the powers as conferred, and in the manner designated in the deed of trust, without the interposition of the chancellor; and these rules are fully recognized as part of our jurisprudence, save so far only as they have been repealed or modified by statutory regulation.

Section 1, chapter 86, article 3, 2 Stanton's Revised Statutes, 304, was not intended to apply to deeds containing a power of sale. The language, though general as to infants, does not embrace such a case.

The case of Carpenter vs. Strother's heirs (16 *B. Mon.*, 296) did not involve the question whether a trustee may execute a power of sale conferred by the deed.

The act of February 27th, 1865 (*Myers' Supplement*, 430), embraces deeds to the separate use of a present or future wife, with remainder to the children of such wives, and directs by what proceedings such lands may, by order of court, be sold, and the proceeds reinvested; but this statute was intended to allow such sales where no power of sale should be conferred in the deed of trust.

Section 17, chapter 47, 2 Stanton's Revised Statutes, 28, imposed a general restriction on a married woman's right of alienation when the land was conveyed to her separate use, even by the consent of her husband, but allowed her to do so by the consent of the donor. This section is, however, construed and modified by the subsequent enactment of February 16th, 1858 (2 *Stant.*, 32), which declares that the previous statute shall not be construed to forbid the *alienation by a trustee under the express power in the will or deed creating such estates.*

We have been referred to no statute forbidding the execution of such a trust or the exercise of such a power, nor have we found any such; but the tendency of the legislation since the first edition of our Revised Statutes has been to rid such conveyances of statutory embarrassments, and leave them to be governed by the rules of equity jurisprudence.

In this case Birch Musselman was the donor. The deed authorizes the trustee to sell, by the consent of himself and

wife in writing. The sale would, therefore, seem to be allowed by the latter clause of the section 17, chapter 47, Revised Statutes, referred to. But even if this statute did not authorize the sale, it certainly did not prohibit it; and as the power might be legally exercised, and the trust executed by the trustee unless prohibited by statute, it is not necessary to find express statutory authority for the sale. This view of the case is sustained by the MS. opinion of this court, December term, 1861, in G. Walker vs. W. J. McGonigale, &c.

We think the chancellor properly determined that the deed of Garland and Musselman and wife conveyed a good title to O'Bannon, and, therefore, the judgment is affirmed.